IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LINDA L. GREEN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:07cv64 |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred the above-entitled and numbered civil action to United States Magistrate Judge John D. Love. The Magistrate Judge presented for consideration the Magistrate Judge's Report, containing proposed findings of fact and recommendations for disposition.

Plaintiff filed objections, reiterating her contention that the Administrative Law Judge (ALJ) erred in denying Plaintiff's requests for an orthopedic consultative examination. Again, as in her brief, she points out only her own testimony of problems with her arms, right shoulder, right side of the neck, and right hip.

The ALJ found that Plaintiff's allegations are not supported by the medical record evidence, and she has not challenged that finding. No record evidence supports her complaints of orthopedic problems; therefore, the record was sufficient, without an orthopedic consultative examination, for the ALJ to make a determination regarding whether she was disabled because of orthopedic impairments.

In her Disability Report she claimed that she was not unable to work because of hepatitis C and kidney problems. *Tr*. at 78. The ALJ did order a consultative examination with internist Robert Davidson, M.D., who found upon examination that Plaintiff had no abnormalities in the extremities; that she had full, normal range of motion of the upper extremities; that she was able to squat, bend

over and touch her toes, and tandem walk; and that straight leg raising tests were negative. *Tr*. at 17. These findings relate directly to Plaintiff's assertions of problems with her arms, shoulder, neck, and hip. Plaintiff does not explain why Dr. Davidson's findings are insufficient or why they would compel another consultative examination.

Although Plaintiff contends that she had no money to pay for a consultative examination, a consultative examination was not the only way to establish support for her contentions. Plaintiff points out nothing in the record that would compel the ALJ to order an orthopedic consultative examination.

This Court has made a *de novo* review of Plaintiff's objections and determined that the objections lack merit. This Court finds that the Magistrate Judge's findings and conclusions are correct and adopts them as the Court's findings and conclusions. The Court therefore

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED**; and

**ORDERS** that all motions not previously ruled on are denied.

SIGNED this 29th day of September, 2008.

						_____
						T. JOHN WARD
						UNITED STATES DISTRICT JUDGE